**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**UNITED STATES OF AMERICA**                                             **PLAINTIFF**


**vs.**                                        **CASE NO. 4:09-CV-00079 JMM**

**GREG E. RILEY**                                                       **DEFENDANT**

**ORDER**

The Government's Motion for Default Judgment is before the Court.   The Court will

treat the motion as a Motion for a Clerk's Default pursuant to Fed. R. Civ. P. 55(a).

Fed. R. Civ. P. 55 contemplates a two step process for the entry of default judgments.

First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the

default by submitting the required proof that the opposing party has failed to plead or otherwise

defend.  Second, pursuant to Fed.R.Civ.P. 55(b), the moving party may seek entry of judgment

on the default under either subdivision (b)(1) or (b)(2) of the rule.  *See Dahl v. Kanawha Inv.*

*Holding Co.,* 161 F.R.D. 673, 683 (N.D.Iowa 1995).

"Entry of default under Rule 55(a) must precede grant of a default judgment under Rule

55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir.1998); *see also Hagen*

*v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir.2000) (citing *Johnson*

for this requirement).  In this case, there has been no entry of default.  Thus, the Government's

motion will be treated as a motion for entry of a clerk's default.  In the event a clerk's default is

entered, Plaintiff will have to seek a default judgment as provided for in Fed. R. Civ. P. 55(b).

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Default Judgment (# 5),

be, and it is hereby, referred to the Clerk of the Court for consideration of entry of a clerk's

default.

IT IS SO ORDERED this <u>26th</u> day of May, 2009.


_____
James M. Moody
United States District Judge